IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01191-BNB-PAC

DOMANIQUE DIXON,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE, and
JOHN E. POTTER, Postmaster General of the United States Postal Service,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint** [Docs. # 43 and 44, filed 3/24/2006] (the "Motion"). The Motion is GRANTED IN PART and DENIED IN PART.

## I. STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.   BACKGROUND

The plaintiff filed her Amended Complaint on March 3, 2006 [Doc. #40].  The Amended Complaint contains the following allegations:

1.   The plaintiff is currently employed by the United States Postal Service ("USPS"). *Amended Complaint*, p. 1.

2.   In December 1996, the plaintiff suffered an on-the-job injury while working on the dock.  The injury was diagnosed as a permanent disability that limits the plaintiff's ability to lift, push, pull, and perform repetitious activities, and was recognized as a compensable injury by the Department of Labor, Office of Worker's Compensation.  Id.

3.   On August 31, 2001, the plaintiff and the USPS entered into a Settlement Agreement which provided that (1) the plaintiff shall not be retaliated against or discriminated against under the ADA or Title VII; and (2) the plaintiff shall be provided with forty hours of on-the-clock safety training and career counseling to identify career opportunities in the United States Postal Service.  Id. at p. 2.

4.   The USPS sent the plaintiff to forty hours of safety training and identified an appropriate career opportunity for her as a Safety Monitor.  Id.

5.   In October 2003, the plaintiff's position as a Safety Monitor was terminated without explanation.  The plaintiff was reassigned to the same location on the docks where she was injured in 1996.  She was required to perform a variety of physical tasks that she was incapable of performing.  Id.

6. The plaintiff attempted to discover from a union steward and members of her supervisory staff the reason for her reassignment. The plaintiff was unable to discover the reason for her reassignment. Id. at pp. 2-3.

7. The plaintiff initiated an administrative action alleging retaliation and wrongful re-assignment, both breaches of the Settlement Agreement. Id. at p. 3.

8. In approximately December 2003, the plaintiff was terminated from her position on the dock without explanation. She was reassigned to a kiosk position where she has no job duties and is not given anything to do all day, despite her complaints. Id.

9. The plaintiff filed an EEO Complaint of Discrimination on January 28, 2004, which alleges retaliation and race, age, and disability discrimination. *Attachment to Amended Complaint*.

Beyond this, the Amended Complaint becomes confusing. In an attempt to understand the remaining allegation of the Amended Complaint, I have looked to the allegations of the initial Complaint, even though it has been superseded. According to the allegations of the initial Complaint, "[t]he breach of contract claim was given a final denial on March 28, 2005 because the EEOC felt that changing the Plaintiff's limited duty assignment was not a breach of the Settlement Agreement." *Initial Complaint*, third consecutive page. The discrimination claim was held in abeyance by the USPS on the basis that it was identical to a claim asserted in a pending class action case styled Edmond Walker v. John E. Potter, et al. Id.

The Amended Complaint's final allegation is that, in September 2005, the Office of Federal Operations ("OFO") determined that the plaintiff's claim of wrongful re-assignment

3

should not have been held in abeyance and remanded the matter to the USPS. *Amended Complaint*, p. 3.

The Amended Complaint asserts five claims: (1) breach of the Settlement Agreement; (2) retaliation for submitting claims against the USPS within the agency and with this Court; (3) violation of the Rehabilitation Act; (4) that the plaintiff has a property interest in her position as a Safety Monitor; and (5) racial discrimination in violation of Title VII. The defendants seeks dismissal of Claims Two, Three, Four, and Five on various grounds.

### III.   ANALYSIS

#### A.   Timeliness of the Filing of Claims Two, Three, and Five

The defendants seek dismissal of Claims Two, Three, and Five because the plaintiff did not assert them in this Court within 90 days of receiving her final decision from the EEOC. The argument is confusing and is not supported by the allegations of the Amended Complaint.

The defendants assert that the plaintiff was required to file her law suit within 90 days of receiving a final decision from the EEOC. *Motion*, p. 5. The defendants argue that "[i]n the present case, the final decision on appeal concerning the race, retaliation, and violation of the Rehabilitation Act claims was issued on September 20, 2006." Id. See also *Defendants' Reply in Support of Their Partial Motion to Dismiss Plaintiff's Amended Complaint*, p. 3 [Doc. #49, filed 4/25/06].

As a preliminary matter, the defendant's Motion was filed on March 24, 2006. Therefore, the defendants have erroneously stated that the final decision was issued on September 20, 2006. In their "Preliminary Statement," they refer to the final decision date as September 20, 2005. Id.

4

at p. 2. Regardless, it is unclear from the allegations of the Amended Complaint when or if a final decision was issued on Claims Two, Three, and Five.

The defendants attach four exhibits to their Motion. They do not cite to any of the exhibits to support their assertion that a final decision was issued on September 20, 2005 or 2006.[1] Regardless, none of the four exhibits represent a final decision on the plaintiff's claims, and none of the exhibits are dated September 20, 2005 or 2006.[2]

The Motion is DENIED insofar as it seeks dismissal of Claims Two, Three, and Five for failure to file them within 90 days of a final EEOC decision.

### B. Exhaustion of Claims Two, Three, Four, and Five

The defendants assert that Claims Two, Three, Four, and Five must be dismissed because the plaintiff has failed to exhaust her administrative remedies as to these claims. *Motion*, pp. 6-8. The Rehabilitation Act encompasses Title VII's exhaustion requirement. Woodman v. Runyan, 132 F.3d 1330, 1341 (10th Cir. 1997).

Pursuant to statutory authority, the EEOC issued rules and regulations implementing the provisions of Title VII. 42 U.S.C. § 2000e-16(b). The exhaustion requirements for claims of discrimination under the Rehabilitation Act and Title VII are specified in 29 C.F.R. § 1614.101 *et*

---

[1] The defendants cite to Exhibit 4, page 1, to support their assertion that they received a copy of the final decision on October 13, 2005. Id. at pp. 5-6. The remainder of Exhibit 4 is an EEOC decision dated September 30, 2005. The decision addresses the sole issue of "whether the [USPS's] decision to place complainant's complaint in abeyance pending the disposition of the *Walker v. United State Postal Service* class complaint was correct." Exhibit 4, p. 2. The decision does not address the merits of the plaintiff's complaint. To the contrary, the EEOC remanded the complaint back to the USPS to address the merits. Id. at p. 4.

[2] Exhibit 1 is an EEOC decision dated May 16, 2000. This decision predated the Settlement Agreement.

*seq*. 29 C.F.R. § 1614.103.[3]  The regulations require that a federal employee pursue informal and formal resolution.  Id. at §§ 1614.105, 1614.106.

Prior to filing a complaint, the employee must first try to informally resolve the matter by consulting an EEO counselor within 45 days of the alleged discriminatory act.  Id. at § 1614.105(a).  If the matter is not resolved, the counselor must inform the employee of her right to file a discrimination complaint.  Id. at § 1614.105(d).  A complaint must be filed within 15 days of this notice.  Id. at § 1614.106(b).  The employee has the right to appeal the final action on, or the dismissal of, the complaint.  Id. at § 1614.106(e)(1).

The employee may file a civil action under the following circumstances:

> A complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

---

[3] In Harms v. Internal Revenue Service, 321 F.3d 1001 (10th Cir. 2003), the circuit court stated:

> The Civil Service Reform Act provides an alternative mechanism by which a federal employee may assert Title VII and Rehabilitation Act claims that arise out of adverse employment actions which are also appealable to the [Merit Systems Protection Board ("MSPB")].  Such cases are referred to as "mixed cases" because the alleged unlawful discrimination is either related to or stems from an employment action over which the MSPB has jurisdiction. 29 C.F.R. § 1614.302(a); 5 C.F.R. § 1201.3.  Under the CSRA, a federal employee may file a mixed case complaint with the agency's EEO department or a mixed case appeal with the MSPB. 5 U.S.C. § 7702(a); 29 C.F.R. § 1614.302; 5 C.F.R. §§ 1201.151-1201.157.  A mixed case complaint and mixed case appeal, however, cannot be pursued simultaneously. 29 C.F.R. § 1614.302(b).

Id. at 1005.  The plaintiff did not pursue her claims through the MSPB; she filed an EEO complaint.  *Attachment to Amended Complaint*.

>    (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
>    (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
>
>    (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
>    (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

Id. at § 1614.407.

The time period for filing a civil lawsuit is not jurisdictional; it is in the nature of a statute of limitations that is subject to waiver, estoppel, and equitable tolling. Biester v. Midwest Health Services, Inc. 77 F.3d 1264, 1267 (10th Cir. 1996). Therefore, I do not review the issue as a challenge to jurisdiction under Rule 12(b)(1), Fed.R.Civ.P. Instead, I review the issue under Rule 12(b)(6), Fed.R.Civ.P.

In stark contrast to their previous argument, the defendants argue that no final agency decision has been issued on Claims Two, Three, Four, and Five, and that USPS processing of the claims is still occurring. The defendants rely on the declaration of Jon Inglis to support their argument. The defendants do not provide any basis for my consideration of the declaration on a motion to dismiss.

Subsequent to the parties' briefing of the Motion to Dismiss, the plaintiff filed a Notice of Final Decision wherein she states that USPS dismissed her administrative complaint regarding her discrimination and retaliation claims because she is pursuing the claims in federal court. [Doc. #53, filed 5/5/06]. The defendants argue that dismissal of the claims is now appropriate because

(1) the Notice constitutes an admission by the plaintiff that she failed to properly exhaust her claims prior to filing her initial and amended complaints, and (2) the plaintiff is now barred from asserting these claims pursuant to 29 C.F.R. § 1614.407.

However, it is possible that the plaintiff could prove a set of facts to show that she was authorized to file a civil complaint under one of the four circumstances described in 29 § 1614.407.[4]  The Motion is DENIED insofar as it seeks dismissal of Claims Two, Three, Four, and Five for failure to exhaust administrative remedies.

### C.   Claim Four and the Civil Service Reform Act

The defendants assert that Claim Four must be dismissed because it is barred by the Civil Service Reform Act ("CSRA").  Claim Four alleges that the plaintiff has a property interest in her position as a Safety Monitor.  Claim Four does not allege a violation of any statute or constitutional provision.  For this reason alone, Claim Four fails to state a claim upon which relief can be granted.

Claim Four cites to Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972) and Ross v. Clayton County, No. 98-8763 (11th Cir. 1999).  Ross quotes Winkler v. County of DeKalb, 648 F.2d 411, 414 (5th Cir. 1981).  Ross appears to be an unpublished opinion, and the plaintiff does not provide a copy of the case to the Court.  Therefore, I do not consider Ross in my analysis of Claim Four.

Roth and Winkler both discuss property interests in the context of due process violations. To the extent Claim Four asserts that the defendants violated the plaintiff's constitutional right to

---

[4]For example, the plaintiff may be able to show that she filed her claims in this Court after receiving no final agency decision within 180 days after she filed her complaint with the USPS.

due process when they removed her from her position as Safety Monitor, the claim is barred by the CSRA.

A plaintiff's private right of action against federal agents for constitutional violations was judicially created in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction under 28 U.S.C. § 1331. Farmer v. Perrill, 275 F.3d 958, 960 n.4 (10th Cir. 2001); Kite v Kelley, 546 F.2d 334, 337 (10th Cir. 1976). Consequently, to the extent Claim Four asserts a violation of the plaintiff's due process rights, I construe the plaintiff's claim as a Bivens claim.

The Tenth Circuit Court of Appeals has explained the interplay between the CSRA and a Bivens claim as follows:

> In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court, for the first time, refused to recognize a *Bivens* remedy for unconstitutional activities in federal personnel decisions. Holding that the plaintiff was limited to the remedial scheme of the CSRA, the Court explained:
>
> "Federal civil servants are now protected by an elaborate comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures-- administrative and judicial--by which improper action may be redressed. They apply to a multitude of personnel decisions that are made daily by federal agencies. Constitutional challenges to agency action . . . are fully cognizable within this system." *Id.* 462 U.S. at 385-86, 103 S.Ct. at 2414-15.
>
> The Court recently reiterated its cautious approach to extending *Bivens* remedies into new contexts in *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). There the Court declined to provide a *Bivens* remedy for social security claimants challenging the termination of their benefits. The Court stated that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the

9

> course of its administration, we have not created additional *Bivens* remedies." *Id.* at 423, 108 S.Ct. at 2467.

Petrini v. Howard, 918 F.2d 1482, 1483-84 (10th Cir. 1990).

In determining whether a Bivens action is available to a plaintiff, the circuit court has stated that "courts must withhold their power to fashion damages remedies when Congress has put in place a comprehensive system to administer public rights, has not inadvertently omitted damages remedies for certain claimants, and has not plainly expressed an intention that the courts preserve *Bivens* remedies." Brothers v. Custis, 886 F.2d 1282, 1284 (10th Cir. 1989) (internal quotations and citation omitted). The circuit court has determined that the CSRA falls squarely within these parameters. Id. at 1284-85.

The CSRA provides that an employee may petition the Office of Special Counsel of the MSPB alleging a prohibited personnel practice. 5 U.S.C. § 1206(1). The CSRA provides a list of "prohibited personnel practices." 5 U.S.C. § 2302. The list of prohibited personnel practices is comprehensive and includes the following catch-all provision:

> tak[ing] or fail[ing] to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title.

5 U.S.C. § 2302(b)(12). Section 2301 requires that the management of federal personnel be consistent with numerous merit system principles including proper regard for the employees' constitutional rights. Id. at § 2301(b)(2).

To the extent Claim Four is asserting that the plaintiff's constitutional right to due process was violated when the defendants removed her from her position as Safety Monitor, the CSRA's broad definition of prohibited personnel practices encompasses the plaintiff's allegations. Because

the CSRA accommodates the plaintiff's constitutional claim, creation of a <u>Bivens</u> remedy is unwarranted.  <u>See</u> <u>Petrini</u>, 918 F.2d at 1484.  The Motion is GRANTED to the extent it seeks dismissal of Claim Four.

## IV.  CONCLUSION

For all of these reasons,  Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint is GRANTED IN PART and DENIED IN PART as follows:

1.  DENIED insofar as it seeks dismissal of Claims Two, Three, and Five for failure to file them within 90 days of a final EEOC decision;

2.  DENIED insofar as it seeks dismissal of Claims Two, Three, Four, and Five for failure to exhaust administrative remedies; and

3.  GRANTED to the extent it seeks dismissal of Claim Four.

Dated December 5, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge