IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01191-BNB-PAC

DOMANIQUE DIXON,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE, and
JOHN E. POTTER, Postmaster General of the United States Postal Service,

Defendants.

_____

**ORDER**

_____

This matter is before me on the following:

(1)     **Defendants' Motion for Protective Order** [Doc. # 66, filed 6/21/2007] (the

"Motion for Protective Order"); and

(2)     Defendants' oral motion (the "Oral Motion") for an extension of the dispositive

motion deadline made during the hearing on the Motion for Protective Order.

I held a hearing on the motions this afternoon and made rulings on the record, which are

incorporated here.

The law controlling my decision is clear.  As I previously noted in Rothermund v. City of

Craig, 2000 WL 1456952 *1 (D. Colo. Sept. 25, 2000):

> A scheduling order shall not be modified except upon a showing of
> good cause.  Good cause means that scheduling deadlines cannot be
> met despite a party's diligent efforts.  Carelessness is not
> compatible with a finding of diligence and offers no reason for a
> grant of relief.

(Internal quotations and citations omitted.)  See also Hannah v. Roadway Express, 200 F.R.D. 651, 653 (D. Colo. 2001)(stating that "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party," but instead "on the diligence of the party seeking leave to modify the scheduling order"); Washington v. Arapahoe County Department of Social Services, 97 F.R.D. 439, 440 (D. Colo. 2000) (noting that a scheduling order is not a "frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril").

In this case the plaintiff has not sought to amend the scheduling order and has not shown good cause to do so.  To the contrary, at argument plaintiff's counsel acknowledged that his failure to notice the deposition so that it could be completed within the discovery period was the result of inadvertence.

The defendants' request to extend the deadline for the filing of their dispositive motion is based on the press of other business.  That also is insufficient to constitute good cause to amend the scheduling order.

IT IS ORDERED that the Motion for Protective Order is GRANTED, and the deposition shall not be had.

IT IS FURTHER ORDERED that the Oral Motion is DENIED.

Dated July 18, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

2