IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01191-BNB-KLM

DOMANIQUE DIXON,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE, and
JOHN E. POTTER, Postmaster General of the United States Postal Service,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion for Partial Judgment on the Pleadings** [Doc. # 62, filed 5/29/07] (the "Motion"). The Motion is DENIED.

The plaintiff filed her initial Complaint on June 27, 2005 [Doc. #1]. The Complaint asserted two claims for relief. On September 16, 2005, the defendants filed an Answer to Claim One of Complaint [Doc. #7], and a motion to dismiss Claim Two [Doc. #8]. On November 15, 2005, the defendants filed a second motion to dismiss Claim Two [Doc. #16].

The plaintiff filed a motion to amend the Complaint on January 16, 2006 [Doc. #25]. On January 23, 2006, I denied without prejudice the defendants' motions to dismiss and the plaintiff's motion to amend. I ordered the plaintiff to file a renewed motion to amend, if at all, on or before February 3, 2006 [Doc. #29]. I further ordered the defendants to answer or otherwise respond to the extant complaint at the later of February 15, 2006, or within 10 days after a ruling on plaintiff's motion to amend, if filed.

The plaintiff filed a renewed motion to amend on February 3, 2006 [Doc. #33]. I granted the motion on March 3, 2006 [Doc. #39], and the Amended Complaint was filed on the same day [Doc. #40]. Pursuant to my Order of January 23, 2006, the defendants were to answer or otherwise respond to the Amended Complaint by March 17, 2006. See Fed. R. Civ. P. 6(a)(2). However, the defendants sought and were granted an extension of time until March 24, 2006, to answer or otherwise respond to the Amended Complaint [Docs. #41 and #42].

The defendants filed a partial motion to dismiss on March 24, 2006 [Doc. #43]. The motion to dismiss sought dismissal of Claims Two, Three, Four, and Five. On December 5, 2006, I granted in part and denied in part the defendants' partial motion to dismiss [Doc. #58]. Specifically, I denied the motion insofar as it sought dismissal of Claims Two, Three, and Five, and I granted the motion insofar as it sought dismissal of Claim Four. The defendants filed an answer on March 14, 2007 [Doc. #61].

The plaintiff seeks partial judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. The plaintiff argues that she served the Amended Complaint on the defendants on January 16, 2006, and that under Rule 12(a)(3)(A), the defendants were required to answer within 60 days. *Motion*, pp. 4. The plaintiff argues that the defendants' answer was untimely; that all facts not timely denied have been deemed admitted under Rule 8(d), id. at pp. 2, 5; and that she is entitled to judgment as to liability on all her claims. Id. at pp. 2, 5-6.

Rule 12(a)(4)(A), Fed. R. Civ. P., allows defendants ten days after a motion to dismiss is denied within which to serve a responsive pleading. In this case, the defendants' answer to Claims Two, Three, and Five was due on December 15, 2006. It was filed on March 14, 2007, and was untimely.

Rule 8(d), Fed. R. Civ. P., previously provided that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." The Rule has been revised and currently states that "[a]n allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied." Fed.R.Civ.P. 8(b)(6).

Under either version, "[t]he purpose of the rule is to avoid surprise by a party who has failed to file a responsive pleading." 61 Am. Jur. 2d Pleading § 343 (Westlaw database, updated February 2008); 27 Fed. Proc., L. Ed. § 62:73 (Westlaw database, updated November 2007). "Thus, it is not always strictly applied where the purpose is otherwise fulfilled." Id. See also Trotter v. Jack Anderson Enterprises, Inc., 818 F.2d 431 (5th Cir. 1987) (holding that a defendant in a libel action who failed to deny the complaint's averment of actual malice did not admit malice because his motion for summary judgment, although not a responsive pleading, had given the plaintiff clear notice that the question of actual malice was disputed).

Here, the defendants have filed several motions to dismiss which demonstrate that they are vigorously defending this suit. Moreover, they have filed an answer, albeit untimely, which specifically denies the allegations of the Amended Complaint. Although I do not approve of the defendants' conduct in this case, I find that the plaintiff has not suffered any surprise by the defendants' failure to file a timely responsive pleading.

In addition, although the plaintiff has submitted her Motion pursuant to Rule 8, she is effectively seeking the entry of default judgment against the defendants. Default judgments against the United States are governed by Rule 55(d), which provides:

> A default judgment may be entered against the United States, its
> officers, or its agencies only if the claimant establishes a claim or
> right to relief by evidence that satisfies the court.

Thus, under Rule 55(d), judgment cannot enter against these defendants based solely on their failure to comply with Rule 8. See Carroll v. Secretary, Department of Health, Education, and Welfare, 470 F.2d 252 (5th Cir. 1972).

Finally, I note that the resolution of a case on its merits is preferred over a dismissal based on technicalities. Rupliger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991).

IT IS ORDERED that the plaintiff's Motion for Partial Judgment on the Pleadings is DENIED.

Dated March 14, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge